PROB. 12B
(7/93)

# ORIGINAL

## United States District Court

### for the

### DISTRICT OF HAWAII

FILED IN THE
UNITED STATES DISTRICT COURT
DISTRICT OF HAWAII

FEB 24 2006

at __ o'clock and __ min __ M
SUE BEITIA, CLERK

### Request for Modifying the Conditions or Term of Supervision
### with Consent of the Offender
*(Probation Form 49, Waiver of Hearing is Attached)*

Name of Offender:  REYNOLD KEOKI BORGES   Case Number:  CR 00-00286DAE-04

Name of Sentencing Judicial Officer:   The Honorable David Alan Ezra
U.S. District Judge

Date of Original Sentence: 1/29/2001

Original Offense:   <u>Count 1:</u>  Conspiracy to Distribute and Possess With Intent to Distribute in Excess of 50 Grams of Crystal Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846, a Class A felony

Original Sentence:   Sixty (60) months imprisonment to be followed by five (5) years of supervised release with the following special conditions:  1) that the defendant is prohibited from possessing any illegal or dangerous weapons; and 2) the defendant must participate in a substance abuse program, which must include drug testing at the discretion and direction of the Probation Office.

Type of Supervision:  Supervised Release     Date Supervision Commenced:  3/5/2004

### PETITIONING THE COURT

[X]   To modify the conditions of supervision as follows:

**General Condition:**   That the defendant shall refrain from any unlawful use of a controlled substance.  The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

Prob 12B
(7/93)

2

**Special Condition No. 2:**  That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**Special Condition No. 3:**  That the defendant shall not associate with any known felons, including but not limited to Clyde Soto, Cain Chun, Kalani Rabanal, and Randal Char. The defendant is to immediately notify the Probation Officer of any unauthorized contact with these individuals. The defendant shall not frequent places where any of these individuals are known to frequent as determined by the Probation Office.

**Special Condition No. 4:**  That the defendant shall submit monthly telephone and/or cellular telephone records as instructed by the Probation Officer, and immediately provide any new telephone or cellular telephone number(s) to the Probation Officer.

**Special Condition No. 5:**  That the defendant serve 4 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.

## CAUSE

| Violation Number | Nature of Noncompliance |
| --- | --- |
| 1. Standard Condition No. 2 | The offender submitted untruthful monthly reports for the months of June 2005, November 2005, and December 2005. |
| 2. Standard Condition No. 9 | Association with persons convicted of a felony without the permission of the Probation Officer. |

Prob 12B
(7/93)

3

### Violation Nos. 1 and 2 - Submission of untruthful Monthly Supervision Reports; and association with known felons under federal supervision:

On 1/24/2006, Clyde G. Soto, Jr., a person under federal supervision, appeared before the Honorable Helen Gillmor on an Order To Show Cause Why Supervision Should Not Be Revoked in U.S. v. Clyde G. Soto, Jr., aka "Sots", Criminal No. CR 00-00264HG-02. During the revocation proceeding, Soto admitted to violations which included association on three separate occasions with the offender, Reynold Borges. The association took place on or around June 2005, November 2005, and on 12/31/2005. The Court subsequently revoked Soto's supervised release and sentenced him to 8 months imprisonment followed by 52 months supervised release.

On 2/1/2006, Borges reported to the Probation Office as instructed. Upon questioning by this officer and U.S. Probation Officer Derek Kim, Borges admitted that he associated with Clyde Soto on at least three occasions. Borges further admitted that he associated with Kalani Rabanal, Randall Char, and Cain Chun, known felons under federal supervision. In this regard, Borges reported that Soto, Rabanal, and Char came to his residence for a barbeque in June 2005, a baby shower for his girlfriend in November 2005, and his New Year's Eve party on 12/31/2005. Borges further reported that while Chun attended the June 2005 and November 2005 events, he did not attend the 12/31/2005 party. Borges also acknowledged that each of the offenders "worked out" at 24 Hour Fitness in Mililani and that they kept in telephone contact with one another. Subsequently, Borges was informed that he was in violation of his supervision for: 1) submitting untruthful Monthly Supervision Reports for at least June 2005, November 2005, and December 2005 in that he failed to disclose his association with known felons, in violation of Standard Condition No. 3 and in violation of 18 U.S.C. § 1001; and 2) associating with convicted felons in violation of Standard Condition No. 9.

On 2/2/2006, each of the other offenders cited above reported to the Probation Office and were questioned about their association. Each outlined their relationship with each other and admitted to their ongoing association.

Cain Chun, Kalani Rabanal, Randal Char, and the offender were advised that the Court would be notified of their violations and that sanctions would be imposed. They were also warned that further association and untruthfulness would result in further Court action, including the possible revocation of supervised release.

On 2/3/2006, this officer and Probation Officers Mark Nugent and Lisa Jicha met and agreed to request the same above-noted special conditions for correctional and rehabilitative purposes for each offender involved.

Subsequently, Cain Chun, Kalani Rabanal, Randal Char, and the offender agreed to the recommended special conditions.

Prob 12B
(7/93)

4

    Attached is a signed Waiver of Hearing to Modify Conditions of Supervised Release. The offender waives his right to a hearing and to assistance of counsel. The offender agrees to the modification of the conditions of supervised release. The offender's attorney and the U.S. Attorney's Office have been notified of the proposed modification and have no objections.

Respectfully submitted by,

*Sydney L. Fleming*

SYDNEY L. FLEMING
U.S. Probation Officer

Approved by:

*Timothy M. Jenkins*

TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Date: 2/23/2006

---

THE COURT ORDERS:

[X] The Modification of Conditions as Noted Above
[ ] Other

DAVID ALAN EZRA

2-23-2006
Date

PROB 49
(5/96)

# United States District Court

### District of Hawaii

### Waiver of Hearing to Modify Conditions
### of Probation/Supervised Release and/or Extend Term of Supervision

I have been advised and understand that I am entitled by law to a hearing and assistance of counsel before any unfavorable change may be made in my Conditions of Probation and Supervised Release and/or my period of supervision being extended. By "assistance of counsel," I understand that I have the right to be represented at the hearing by counsel of my own choosing if I am able to retain counsel. I also understand that I have the right to request the court to appoint counsel to represent me at such a hearing at no cost to myself if I am not able to retain counsel of my own choosing.

I hereby voluntarily waive my statutory right to a hearing and to assistance of counsel. I also agree to the following modification of my Conditions of Probation and Supervised Release and/or to the proposed extension of my term of supervision:

[ X ]   To modify the conditions of supervision as follows:

   *General Condition:*   That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision (mandatory condition).

   *Special Condition 2:*   That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing, at the discretion and direction of the Probation Office. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

   *Special Condition 3:*   That the defendant shall not associate with any known felons, including but not limited to Clyde Soto, Cain Chun, Kalani Rabanal, and Randal Char. The defendant is to immediately notify the Probation Officer of any unauthorized contact with these individuals. The defendant shall not frequent places where any of these individuals are known to frequent as determined by the Probation Office.

   *Special Condition 4:*   That the defendant shall submit monthly telephone and/or cellular telephone records as instructed by the Probation Officer, and immediately provide any new telephone or cellular telephone number(s) to the Probation Officer.

   *Special Condition 5:*   That the defendant serve 4 months of home detention with electronic monitoring as arranged by the Probation Office. During this time, the defendant shall remain at his place of residence during nonworking hours and shall not leave his residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic

*monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office. The defendant also will be responsible for the payment of the electronic monitoring costs as directed by the Probation Office.*

Witness: _____
SYDNEY L. FLEMING
U.S. Probation Officer

Signed: _____
REYNOLD KEOKI BORGES
Supervised Releasee

2-16-06
Date